UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Appellee | No. 13-853 |

v.

VALENTÍN VALDES AYALA
        Defendant-Appellant

INFORMATIVE
MOTION REGARDING STATUS
AND SENTENCING HEARINGS
CURRENTLY PENDING, *SINE DIE*.

TO THE COURT:

    Counsel appointed to represent Valentín Valdes Ayala respectfully submits the following informative motion.

    1. On May 19 of this year, thus Court issued an order for an in-person hearing at which the parties were to support their objections to the Amended PSR and the prosecution to submit evidence in support its requested sentencing enhancements.

    2. The hearing, set for May 27, was postponed at the request of the prosecution and consent of defense counsel. DKT 301.

    3. That hearing has yet to be set.

4. Mr. Valdéz is understandably distressed at his extraordinarily lengthy confinement at MDC (throughout the pandemic) and the three year delay between the decision mandating his re-sentencing on August 15, 2018, and any foreseeable sentencing date.

5. Indeed, if the requested enhancements are not proven, he will already have served more than the 84 months of a properly calculated Guidelines Sentences as Calculated by the Court of Appeals without the disputed enhancement for extraordinary financial hardship for five or more victims, or any others not contemplated in the initial PSR.

6. This presents a serious due process issue. If the enhancements are not imposed, he will have served a sentence in excess of that authorized by law. If they are, this fact objectively creates the appearance of having influenced the decision in order to avoid the due process problem.

7. Mr. Valdés is equally frustrated by the failure of the undersigned to visit him at MDC or write to him since their last meeting immediately before the COVID lock down at the end of last February. Frankly, communication broke down at their last meeting and since then, she has had nothing to report.

8. In addition, it was her judgment that the sentencing hearing should not be held via VTC, which hampers effective communication and presentation of a defendant's allocution, among other things.

9. It is clear from his most recent *pro se* motion that Mr. Valdés declines to accept counsel's counsel. The February 2020 meeting concluded with significant and intractable differences regarding what evidence and witnesses to present, as well as other issues critical to the re-sentencing.

10. As a result, counsel understood that the attorney-client relationship was in serious danger. As is too often the case in such situations, one party hopes that time will heal the breach, and some understanding will follow. The most recent *pro se* motion reveals that such hope is misplaced in this case. Counsel's efforts to effectively represent Mr. Valdés have reached their limits, and his motion expresses that he does not wish her to continue her representation.

11. Counsel's experience over the more than last three years confirms that his views on matters relevant to sentencing are not the fruit of any sudden whimsy, or based upon ignorance or insufficient information. Mr. Valdés maintains deeply held views and ideas inconsistent with those of counsel about issues critical to his re-sentencing. These are not amenable to rational discussion.

12. Counsel has exhausted her ability to share with Mr. Valdés her understanding of the Court of Appeals' opinion, and advise him on the issues and procedures that remain in his case and how best to handle them.

13. There can be no meeting of the minds.

14. The *pro se* motion clearly expresses that he has completely lost

confidence in her ability and willingness to serve as his advocate before this Court, and she understands that, given his views and objectives, she cannot.

15. To further frustrate his desire for an immediate sentencing hearing, counsel will unfortunately be out of the jurisdiction between July 21 and August 10, 2021. She will visit Mr. Valdés at MDC promptly upon her return to discuss his alternatives, including requesting appointmeny of new counsel and proceeding *pro se*, as requested in the Motion, in which case counsel strongly recommends appointment of different back-up counsel.

16. In the alternative, the Court could determine on the basis of all the facts and evidence before it that the approximately 92 months Mr. Valdés has already served, equivalent to a sentence of almost 10 years (92 = 85% of 116 months) is at least sufficient to satisfy 18 USC §3553.

WHEREFORE, it is respectfully requested that the foregoing be taken in consideration together with all pending motions, and any hearing on any of these matters be scheduled for either Friday, August 13 or the following weeks, with the exception of August 18-20, 26, September 1-3, 6-7 (depositions scheduled). On September 10, counsel has a re-sentencing schedule before Judge Besosa at 9 AM.

RESPECTFULLY SUBMITTED,

S/ *Linda Backiel*
LINDA BACKIEL
US District Court Bar #8766
Av. Sierra Morena #267
PMB 597
San Juan, Puerto Rico
00926-5583
787-751-4951

lbackielr@gmail.com

I HEREBY CERTIFY that I have on this date filed this Motion in Compliance using the court's electronic filing service which will notify the office of the United States Attorney for the District of Puerto Rico, the only other party in interest.

21 July 2021                                                         S/ *Linda Backiel*